**Richard J. BRIGNOLI, Plaintiff,**

v.

**BALCH HARDY & SCHEINMAN, INC., Defendant.**

**No. 86 Civ. 4103 (RWS).**

United States District Court, S.D. New York.

April 12, 1990.

Law Offices of Arie E. David (Arie E. David, of counsel), Scheffler Karlinsky & Stein, New York City, for plaintiff.

Jacobson & Triggs, New York City (John F. Triggs, Kristine M. Reddington, of counsel), for defendant.

## OPINION

SWEET, District Judge.

Arie E. David ("David") and the law firm practicing under the name Law Offices of Arie E. David ("Law Offices") have moved pursuant to Rule 3(j) of the Civil Rules of the Southern District and Rules 59 and 60, Fed.R.Civ.P., to reargue the opinion of this court dated November 30, 1989 (the "November Opinion"), 1989 WL 146767, which movants object to "in its entirety as a complete fabric of mistakes of fact and law." For the reasons stated below, the motion is granted for the limited purpose of considering the effect of the subsequently rendered Supreme Court decision in *Pavelic & LeFlore v. Marvel Entertainment Group*, —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) (*"Marvel Entertainment"*) upon the November Opinion, and upon such consideration, the prior ruling is unaltered.

*Prior History*

This is the movants' second motion for reconsideration of sanction decisions rendered in this proceeding. By opinion of May 31, 1989 (the "May Opinion"), 126 F.R.D. 462, this court denied Balch, Hardy & Scheinman's motion for sanctions against David under Rule 11 and New York Judiciary Law § 487 but determined a basis for an award against David existed under 28 U.S.C. § 1927. Before a determination of the amount of the award was made, David moved pursuant to Rule 60(b) to set aside the May Opinion, principally on

grounds that the decision to award sanctions rested on erroneous factual findings.

That motion, which was extensively briefed by David, resulted in this court's 47 page November Opinion affirming the appropriateness of a sanction award under either 28 U.S.C. § 1927 or, alternatively, under Rule 37 of the Federal Rules of Civil Procedure. An award of $17,500 was made against David and the David Law Offices under the former statute, jointly and severally, upon the modified findings set forth in the November Opinion.[1] The instant motion for reargument followed. Supporting the motion are the Law Office's initial memorandum of December 12, 1989, a 158-page supplemental memorandum filed on January 19, 1990, and a further reply memorandum filed on February 9, 1990.

*Reargument*

Rule 3(j) of the Civil Rules of this court requires that a movant set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked...." David and David Law Offices have submitted rather extensive papers review of which discloses no factual matters, previously presented but overlooked by the court, that "might have materially influenced the earlier decision." *Caleb & Co. v. E.I. DuPont De Nemours & Co.*, 624 F.Supp. 747, 748 (S.D.N.Y.1985); *see also Walpex Trading Co. v. Yacimientos Petroliferos Fiscales Bolivanos*, 1989 WL 67239, 1989 U.S.Dist. LEXIS 6587 (S.D.N.Y.1989) (quoting *Adams v. United States*, 686 F.Supp. 417, 418 (S.D.N.Y.1988)) ("only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court.").

Movants do bring to the court's attention the December 5 decision of the Supreme Court in *Marvel Entertainment,* —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989) rendered one week after the November

Opinion. Although that decision addressed only the issue of sanctions against a law firm awarded pursuant to Rule 11 of the Federal Rules of Civil Procedure, it is appropriate to consider its application to the law firm sanctions award here in view of the November Opinion's partial reliance upon the reasoning of the then-governing Second Circuit opinion that *Marvel Entertainment* reversed. *See Calloway v. Marvel Entertainment Group*, 854 F.2d 1452 (2d Cir.1988), *cited in* November Opinion at 43.

*Law Firm Sanctions Under 28 U.S.C. § 1927*

28 U.S.C. § 1927 lacks the "requirement of individual signature" to which the Supreme Court ascribed great significance in holding firm sanctions unauthorized under Rule 11. *Marvel Entertainment,* 110 S.Ct. at 459 ("Just as the requirement of signature is imposed upon the individual, we think the recited import and consequences of signature run *as to him.*"). Nevertheless, the statute does speak to "[a]ny attorney or other person admitted to conduct cases in any court" who acts unreasonably and vexatiously to multiply a proceeding, and provides that such attorney may be required "to satisfy personally" the costs, expenses and attorneys' fees imposed upon others as a consequence of such conduct. 28 U.S.C. § 1927.

The latter term, "personally," in particular might be thought to militate against the use of 28 U.S.C. § 1927 to sanction a law firm. However, once it is considered that the sanction provision is targeted exclusively at attorney conduct, as opposed to the actions of an irresponsible client, *see, e.g., F.T.C. v. Alaska Land Leasing, Inc.*, 799 F.2d 507, 510 (9th Cir.1986) (reversing sanction award under § 1927 imposed against nonattorney), the use of the term takes on a rather distinctive meaning of ensuring that it is the attorney personally (and not the party) who is taxed the costs of satisfying the award the court has imposed to cover the additional costs attributable to

---

**1.** Further details concerning the prior proceedings are set forth in the May Opinion, the November Opinion, and an earlier opinion of the court dated October 3, 1988, 696 F.Supp. 37, granting Balch's motion to dismiss the complaint of the plaintiff, Richard J. Brignoli, for lack of diversity of citizenship. Familiarity with these opinions is presumed.

the vexatious lawyering conduct. As the Seventh Circuit explained:

> The district court concluded that § 1927 does not authorize ordering recovery of costs from a party, but only from an attorney or otherwise admitted representative of a party. We agree. In our opinion the section ... authorizes imposition of otherwise allowable costs on counsel personally in place of the party for whom he appeared where the circumstances mentioned in the section have occurred.

*1507 Corporation v. Henderson*, 447 F.2d 540, 542 (7th Cir.1971) (citing numerous cases as "consistent with the foregoing construction of the section"); *see also Chrysler Corp. v. Lakeshore Commercial Finance Corp.*, 389 F.Supp. 1216, 1224 (E.D.Wisc.1975) (declining to sanction counsel under provision where no evidence that vexatious action "was prompted by Chrysler's counsel rather than or without the consent of Chrysler Corporation such that costs should be taxable as against counsel personally rather than Chrysler.").

Moreover, the statutory provision's reference to any attorney "or other person admitted to conduct cases" discloses an intended focus of the legislation on the regulating of those entities who "conduct cases," a statutory class or category into which law firms naturally fall. It is not surprising then that although no decision has been unearthed specifically addressing the matter of law firm sanctionability under § 1927, courts implicitly have upheld the practice where appropriate. *See Apex Oil v. Belcher Co. of New York, Inc.*, 855 F.2d 1009, 1020 (2d Cir.1988) (affirming district court's award of § 1927 sanctions against large law firm); *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452 (2d Cir.1988) (reversing, on grounds unrelated to sanctioned entity's status as law partnership, an award of sanctions under § 1927), *rev'd on other grounds sub nom. Pavelic & LeFlore v. Marvel Entertainment Group*, —— U.S. ——, 110 S.Ct. 456, 107 L.Ed.2d 438 (1989).

The language of § 1927, unlike the text of Rule 11, does not therefore disfavor requiring a law firm that is "conduct[ing] cases" in a court in a manner that multiplies the proceedings unreasonably and vexatiously to "satisfy personally" the fees and costs reasonably incurred "because of such conduct." 28 U.S.C. § 1927. Obviously, such law firm conduct must rise to the "bad faith" standard that has been recognized to apply to § 1927 orders, *see Apex Oil Co. v. Belcher*, 855 F.2d at 1020 (citing *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986)), but as the Second Circuit must have understood in upholding sanctions in *Apex Oil*, a law firm as much as an individual attorney can conduct litigation, and do so in a fashion manifesting bad faith.[2]

For the reasons previously set forth in the November Opinion, David Law Offices' conduct of the diversity jurisdiction portion of this litigation manifested such bad faith as is sanctionable under 28 U.S.C. § 1927. Nothing in *Marvel Entertainment Group* persuades the court of the incorrectness of that conclusion as a matter of law, nor of the conclusion that David, the counsel of record for plaintiff until just short of the end of this proceeding, the head of the law office that bears his name and that employed or associated with the lawyers working on this case for plaintiff, and, dispositively, an active individual participant in the conduct of these proceedings, has been properly sanctioned for bad faith conduct that unreasonably and vexatiously multiplied the proceedings.

*Conclusion*

For the reasons stated above, the motion to reargue the November Opinion is granted to consider the effect of *Marvel Enter-*

---

2. Indeed, the language employed by movants in their supplemental brief demonstrates the naturalness with which law firms may be ascribed "personal" characteristics. *See, e.g.* Supplemental Memorandum at 127 ("*We* have also shown that *our* positions taken at the time were reasonable...."); at 128 ("a showing of willful abuse of judicial processes, and that our conduct was 'egregious,' as required by *Colucci*, can only be shown by assuming that we were required to surrender to Kramer Levin's unreasonable and bad-faith tactics. In fact, our conduct was very necessary....").

*tainment* upon that prior ruling, and, upon such consideration, the November Opinion shall stand.

It is so ordered.