PRIMAVERA FAMILIENSTIFUNG,
Plaintiffs,

v.

David J. ASKIN, et al., Defendants.

ABF Capital Management,
et al., Plaintiffs,

v.

Askin Capital Management,
L.P., et al., Defendants.

Montpellier Resources Limited,
et al., Plaintiffs,

v.

Askin Capital Management,
L.P., et al., Defendants.

Richard Johnston, as Trustee for The Demeter Trust, et al., Plaintiffs,

v.

Askin Capital Management,
L.P., et al., Defendants.

Bambou Inc., et al., Plaintiffs,

v.

David J. Askin, et al., Defendants.

Aig Managed Market Neutral Fund, et al., Plaintiffs,

v.

Askin Capital Management,
L.P., et al., Defendants.

Nos. 95 CIV. 8905(RWS), 98 CIV. 6178, 97 CIV. 4335(RWS), 97 CIV. 1856(RWS), 96 CIV. 2978(RWS), 98 CIV. 7494(RWS).

United States District Court,
S.D. New York.

April 10, 2001.

Bragar Wexler Eagle & Morgenstern by Peter D. Morgenstern, Paul D. Wexler, Lawrence P. Eagel, Lisa K. Eastwood, New York City, for Montpellier Resources Limited.

Morgan, Lewis & Bockius by Catherine A. Ludden, New York City, for Donaldson, Lufkin & Jenrette Securities Corp.

Cleary, Gottlieb, Steen & Hamilton by Thomas J. Moloney, Mitchell A. Lowenthal, Carmine D. Boccuzzi, Allyson W. Haynes, Kesari Ruza, New York City, for Kidder, Peabody & Co., Incorporated.

Brown & Wood by A. Robert Pietrzak, Andrew W. Stern, Madeleine J. Dowling, Jonathan J. Brennan, Kimberly A. Johns, New York City, for Merrill Lynch, Pierce, Fenner & Smith Inc.

Gold Bennett Cera & Sidener, San Francisco, CA by Solomon B. Cera, Bernstein Litowitz Berger & Grossmann, by Jeffrey A. Klafter, New York City, for Primavera Familienstiftung, Bambou, Inc., Loukoum Inc., Samta Investment Inc., and Hubert Looser.

Swidler Berlin Shereff Friedman, New York City by David S. Hoffner, for Askin Capital Management, L.P.

## OPINION

SWEET, District Judge.

Defendant Donaldson Lufkin & Jenrette Securities Corporation ("DLJ") has moved for reconsideration of this Court's summary judgment opinion in *ABF Capital Mgmt. v. Askin Capital Mgmt.*, No. 96 Civ. 2978 (the "ABF Action") and *Primavera Familienstiftung v. Askin*, No. 95 Div. 8905 (the "Primavera Action") (the "Summary Judgment Opinion"),[1] and for an order granting summary judgment for DLJ against plaintiffs Lionel Sterling ("Ster-

---

1. The Summary Judgment Opinion also resolved summary judgment motions, and a motion to exclude expert testimony, in the actions entitled *Johnston v. Askin Capital Mgmt.*, 97 Civ. 4335 (the "Johnston Action"), *Montpellier Resources Ltd. v. Askin Capital Mgmt.*, No. 97 Civ. 1856 (the "Montpellier Action"), *Bambou Inc. v. Askin*, No. 98 Civ. 6178 (the "Bambou Action"), and *AIG Managed Market Neutral Fund v. Askin Capital Mgmt.*, No. 98 Civ. 7497 (the "AIG Action") (collectively, with the ABF and Primavera Actions, the "Investor Actions"), and *Granite Partners, L.P. v. Bear Stearns & Co., Inc.*, No. 96 Civ. 7874 (the "Funds Action"). These other actions are not at issue in the instant motion.

ling"), The Demeter Trust (the "Demeter Trust"), Global Hedge Fund ("Global"), and Providian Life and Health Insurance Company ("Providian") (collectively, the "Time–Barred Plaintiffs") on statute of limitations grounds, and against plaintiffs ABF Capital Management, CoriFrance, FIDR Investors, Glenwood Partners, Hedged Investment Partners, Hubert Looser, HNM First Investors Trust, International Asset Management, L.H. Rich Companies, Montpellier Resources Limited, Nemrod Leveraged Holdings Limited, Samta Investments Inc., SDI Ind., Spirit Debt Limited, and William Monaghan (collectively, the "Quartz Plaintiffs") on the ground that these plaintiffs cannot meet their burden at trial with respect to their claim against DLJ for aiding and abetting a fraud involving the Quartz Hedge Fund ("Quartz"). For the reasons set forth below, the motion is granted in part and denied in part.

### The Parties

The parties to the ABF and Primavera Actions are set forth in *ABF Capital Mgmt. v. Askin Capital Mgmt., L.P.*, 957 F.Supp. 1308 (S.D.N.Y.1997) and *Primavera Familienstiftung v. Askin*, 178 F.R.D. 405 (S.D.N.Y.1998), familiarity with which is presumed.

### Background

The Summary Judgment Opinion *inter alia* granted summary judgment for defendant Kidder Peabody & Co., Inc. ("Kidder") against the Time–Barred Plaintiffs and the Quartz Plaintiffs. *See Primavera Familienstifung v. Askin*, 130 F.Supp.2d 450 (S.D.N.Y.2001).

In DLJ's Memorandum of Law In Support of Summary Judgment (the "DLJ SJ Brief") in the Investor Actions, DLJ stated

that "[c]ertain arguments advanced by Kidder [in its motion for summary judgment in the same actions] apply with equal force to the claims against DLJ and are adopted herein," (DLJ Mem. at 56), and discussed specific arguments put forth by Kidder which DLJ adopted (*id.* at 56–59). Subsequently, in a letter to the Court of May 26, 2000 (the "May 26 Letter"), DLJ stated that it wished "to clarify" that "to the extent applicable" it was joining in each of Kidder's summary judgment motions in the Investor Actions, and specifically identified Kidder's Motion for Summary Judgment Dismissing the Claims of Certain Plaintiffs as Time–Barred (the "Statute of Limitations Motion") and Kidder's Motion for Summary Judgment Dismissing the Claims of the Quartz Plaintiffs (the "Quartz Motion").[2]

The plaintiffs in the ABF Action (the "ABF Plaintiffs"), in their Memorandum of Law In Opposition To the Brokers' Motions For Summary Judgment (the "ABF Plaintiffs' Brief") in the Investor Actions, noted that "Kidder alone singles out the plaintiffs who invested in Quartz," (ABF Plaintiffs' Brief at 167), and raised certain arguments as to why Kidder was not entitled to summary judgment against the Quartz Plaintiffs (*id.* at 167–68). The plaintiffs in the Primavera Action (the "Primavera Plaintiffs") separately submitted a notice of joinder as to the ABF Plaintiffs' Brief as to all arguments made in that brief.

In DLJ's Reply Memorandum In Further Support of DLJ's Motion For Summary Judgment (the "DLJ Reply Brief"), DLJ addressed *inter alia* the issue of whether "the Plaintiffs" had made an adequate showing as to DLJ's aiding and abetting liability, including whether "the

**2.** Kidder filed three summary judgment motions in the Investor Actions: a Motion for Summary Judgment Against All Plaintiffs, the

Statute of Limitations Motion, and the Quartz Motion.

Plaintiffs" could establish the element of scienter or knowledge. (DLJ Reply Brief at 49–54.) In this discussion, DLJ referenced various arguments raised in the ABF Plaintiffs' SJ Brief, and cited the relevant page numbers, but did not cite to the section of the ABF Plaintiffs' Brief dealing with the Quartz Motion. (*See id.*) DLJ also reiterated that it was joining in an argument made by Kidder that the plaintiffs lacked standing to assert a fraudulent maintenance claim, which was an argument that went to all of the plaintiffs in the Investor Actions. (*Id.* at 49.)

The holding that Providian's claim is time-barred was based on the finding that Providian is located in Pennsylvania and, therefore, that the two-year Pennsylvania statute of limitations applies. *See Primavera*, at 517–19. In DLJ's Rule 56.1 statement, DLJ stated as an undisputed fact that Providian is located in Louisville, Kentucky.

On February 22, 2001, DLJ filed the instant motion for reconsideration, which pertains to the ABF Action and the Primavera Action. The ABF Plaintiffs submitted an opposition brief, and the Primavera Plaintiffs submitted a notice of joinder in the ABF Plaintiffs' opposition. The matter was marked fully submitted on March 28, 2001.

### Discussion

#### I. The Standard Under Local Rule 6.3

Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Local Civ. R. 6.3. Thus, to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust*

*Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992).

Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court. In deciding a reconsideration and reargument motion, the Court must not allow a party to use the motion as a substitute for appealing from a final judgment. *See Morser v. AT & T Info. Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y.1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986), *aff'd*, 827 F.2d 874 (2d Cir.1987). Therefore, a party may not "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F.Supp. 115, 116 (S.D.N.Y.1991). The decision to grant or deny the motion is within the sound discretion of the district court. *See Schaffer v. Soros*, No. 92 Civ. 1233, 1994 WL 592891, at *1 (S.D.N.Y. Oct. 31, 1994).

Upon receiving such a motion, a court may do any of the following. First, the motion may be denied, thereby leaving the original decision unaltered. *See Lehmuller v. Incorporated Village of Sag Harbor*, 982 F.Supp. 132, 135 (E.D.N.Y.1997). Alternatively, "the Court can grant a motion to reargue for the limited purposes of considering the effect of an overlooked matter," and after doing so may affirm and/or clarify the original decision. *Lehmuller*, 982 F.Supp. at 135–36; *see In re First American Corp.*, No. M8–85, 1998 WL 148421, at *3 (S.D.N.Y. Mar. 27, 1998), *aff'd*, 154 F.3d 16 (2d Cir.1998); *Violette v. Armonk Assocs., L.P.*, 823 F.Supp. 224, 226–27, 231 (S.D.N.Y.1993); *Brignoli v. Balch Hardy & Scheinman, Inc.*, 735 F.Supp. 100, 102–03 (S.D.N.Y.1990). Finally, having granted a motion to reconsid-

er, the Court may vacate the original decision. *See Morin v. Trupin,* 823 F.Supp. 201, 203 (S.D.N.Y.1993); *Travelers Ins. Co. v. Buffalo Reins. Co.,* 739 F.Supp. 209, 211–13 (S.D.N.Y.1990).

## II. *Application Of The Standard*

### A. *DLJ Is Entitled To An Order Of Summary Judgment As To The Time–Barred Plaintiffs*

■ DLJ contends that the Court overlooked the fact that it had expressly joined in Kidder's Statute of Limitations Motion, and that there are no factual or legal distinctions between DLJ and Kidder, so that DLJ is also entitled to summary judgment against the Time–Barred Plaintiffs. These plaintiffs contend that the various indications by DLJ as to its joinder in Kidder's motions were procedurally insufficient to constitute actual joinder in the Statute of Limitations motion. In addition, Providian maintains that DLJ is estopped from obtaining summary judgment against it on statute of limitations grounds because DLJ "affirmatively conceded" in its Rule 56.1 statement that Providian was located in Louisville, Kentucky, and Providian's claim would not be barred under the Kentucky statute of limitations.

The statements made by DLJ in the DLJ SJ Brief were not sufficient to join in the Statute of Limitations Motion given that DLJ explicitly stated that "certain arguments" raised by Kidder applied to DLJ as well, and proceeded to discuss particular arguments raised by Kidder which DLJ was adopting—none of which specifically pertained to the statute of limitations issue. However, the May 26 Letter was sufficient, because it stated specifi-

cally that DLJ was joining in the Statute of Limitations motion and given that joinder in this manner was consistent with the practice previously permitted in this litigation by the Court.[3]

■ As to Providian, this Court has previously considered and rejected the argument that Providian is located in Kentucky for statute of limitation purposes, *see Primavera,* at 517–19, and the notion that DLJ is "estopped" from relying on this holding is without merit.

DLJ's joinder in the Statute of Limitations Motion having been overlooked, and there being no controlling factual or legal distinctions between Kidder and DLJ as to this issue, DLJ's motion for reconsideration is granted insofar as it seeks summary judgment against the Time–Barred Plaintiffs.

### B. *DLJ Is Not Entitled To An Order Of Summary Judgment As To The Quartz Plaintiffs*

DLJ contends that the Court overlooked the fact that it had expressly joined in the Quartz Motion, and that DLJ, like Kidder, is entitled to summary judgment against the Quartz Plaintiffs. The Quartz Plaintiffs maintain that DLJ's attempts at joinder were procedurally infirm, and that the motion for reconsideration must fail in any event because at the summary judgment stage DLJ failed to set forth the undisputed facts entitling it to summary judgment.

■ As with the Statute of Limitations Motion, the statements in the DLJ SJ Brief were not sufficient to join in the Quartz Motion given that DLJ explicitly stated that "certain arguments" raised by

---

**3.** For example, although the ABF and Primavera Plaintiffs contend that the Summary Judgment Opinion did not address any "motion" by defendant ACM despite two letters from ACM's counsel seeking to join in the other defendants' motions, this contention is incorrect. The Summary Judgment Opinion notes specifically that defendants Askin and ACM had joined in the motions to the extent applicable. *See Primavera,* at 459.

Kidder applied to DLJ and then discussed several Kidder arguments which pertained to issues other than those involved in the Quartz Motion. The May 26 Letter, however, was sufficient to join in the motion, as stated in the letter, "to the extent applicable." [4] The Court having overlooked DLJ's joinder in the Quartz Motion, the Summary Judgment Opinion is hereby amended to reflect that fact.

■ The real difficulty with DLJ's motion for reconsideration, however, lies in the fact that in its summary judgment briefing DLJ failed to set forth the undisputed facts and relevant legal theory entitling it to summary judgment as to the Quartz Plaintiffs. In contrast to the statute of limitations issue, in which the relevant facts concerned an issue which does not vary by defendant, namely, the plaintiff's residence, the issue of aiding and abetting liability depends in large part on facts relating to a given defendant's knowledge and conduct. Thus, Kidder's arguments do not necessarily apply to DLJ, making it incumbent upon DLJ to explain what it meant in the May 26 Letter by joining in Kidder's motion "to the extent applicable."

The Summary Judgment Opinion held that there was insufficient evidence to create a genuine issue of fact as to Kidder's knowledge of the Quartz Fraud, which was one of the arguments advanced by Kidder in support of the Quartz Motion. Specifically, it was concluded that the Quartz Plaintiffs had not met their burden as to the element of knowledge or scienter because they had "not pointed to evidence that Kidder had knowledge that Askin made misrepresentations to the Quartz

Plaintiffs regarding the Granite Funds' performance—including by providing materials regarding the Granite Funds' performance—in order to induce the Quartz Plaintiffs to invest." *Primavera*, at 520–21.

In its motion for reconsideration, DLJ avers that there was also insufficient evidence of its knowledge of the Quartz fraud, for the same reason as in Kidder's case. DLJ further maintains that it raised this contention through its joinder in the Quartz Motion, and that this Court overlooked that contention. However, the arguments raised in the DLJ SJ Brief and DLJ Reply Brief, while addressed to "all Plaintiffs," went to issues that were not specific to the Quartz Plaintiffs—such as whether DLJ knew of the Granite Funds operations fraud or valuation fraud—and which, indeed, were rejected by the Court with respect to both DLJ and Kidder. *See Primavera*, at 506–10. Moreover, the DLJ Reply Brief did not respond to the ABF Plaintiffs' observation that "Kidder alone singles out the plaintiffs who invested in Quartz," and although it cited numerous pages in the ABF Plaintiffs' Brief did not cite to the section relating to the Quartz Plaintiffs. Thus, the DLJ Reply Brief, which post-dated DLJ's joinder through the May 26 Letter, directed the Court's—as well as the plaintiffs'—attention elsewhere, and did not shed light on DLJ's theory of why it was entitled to summary judgment against the Quartz Plaintiffs.

This is not simply a matter of semantics. Although DLJ was entitled to adopt Kidder's arguments—to the extent applicable, as DLJ itself stated—this does not mean

---

4. Indeed, although the ABF and Primavera Plaintiffs contend that the Summary Judgment Opinion did not address any "motion" by defendant ACM despite two letters from ACM's counsel seeking to join in the other defendants' motions, this contention is incorrect. The Summary Judgment Opinion notes specifically that defendants Askin and ACM had joined in the motions to the extent applicable. *See Primavera*, at 459.

that all of the facts pertaining to Kidder necessarily applied to DLJ, or were sufficient as to DLJ. As an example, DLJ, unlike Kidder, revised marks for the Quartz Fund. Elsewhere in the Summary Judgment Opinion the revision of marks by the brokers was held relevant to the issue of scienter. *See Primavera*, at 508.[5] DLJ contends in the instant motion that this fact standing alone does not rise to the level necessary to meet the scienter element as to the Quartz fraud. This may be. No conclusion is reached herein on that contention, nor on whether this is the only evidence of DLJ's knowledge. The point is that DLJ's failure to articulate previously even the elements as to which it was attacking the Quartz Plaintiffs' claim—let alone the specific undisputed facts entitling it to summary judgment—means that DLJ did not meet its burden on the summary judgment motion. Therefore, the motion for reconsideration as to the Quartz Plaintiffs is denied.

## Conclusion

Therefore, for the reasons set forth above, the motion for reconsideration is granted in part and denied in part.

It is so ordered.

---

**5.** In the section dealing with the Quartz Plaintiffs, the revision of marks was discussed only in the context of the substantial assistance element. *See Primavera*, at 520–21. Any resulting lack of clarity in this section of the opinion is regrettable. However, the section of the opinion dealing with the knowledge element more generally is unambiguous in this regard. *See id.* at 508–09. Moreover, as Kidder had not provided any revised marks for the Quartz Fund there was no need to discuss the issue further in that context, such as its relevance for the knowledge or scienter issue.