471 F.Supp.2d 444 (2007)
In re: TERRORIST ATTACKS ON SEPTEMBER 11, 2001
This document relates to: Federal Insurance Company et al.
v.
Al Qaida, et al., 03 Civ. 6978
No. 03 MDL 1570(RCC).
United States District Court, S.D. New York.
January 23, 2007.
Andrew J. Maloney, III, Blanca I. Rodriguez, Brian J. Alexander, David Beekman, David Charles Cook, Francis G. Fleming, James P. Kreindler, Justin Timothy Green, Lee S. Kreindler, Marc S. Moller, Milton G. Sincoff, Noah H. Kushlefsky, Paul S. Edelman, Robert James Spragg, Steven R. Pounian, Kreindler & Kreindler, Dorothea M. Capone, Michel F. *445 Baumeister, Baumeister & Samuels, P.C., Jayne Conroy, Hanly Conroy Bierstein Sheridan Fisher & Hayes, LLP, John Brian Galligan, Michael J. Sommi, Elliott R. Feldman, Mark T. Mullen, Matthew G. Ash, Adam, C. Bonin, Cozen & O'Connor, Michael Barasch, Barasch McGarry Salzman Penson & Lim, Gina Marie Mac Neill, Jerry Stephen Goldman, Law Offices of Jerry S. Goldman & Associates, P.C., Andrew N. Bourne, Stacey Ann Saiontz, Dickstein Shapiro LLP, Robert Manuel Kaplan, Robson Ferber Frost Chan & Essner, LLP, New York, NY, David C. Lee, Law Offices of J.D. Lee, Knoxville, TN, Don Howarth, Robert D. Brain, Suzelle M. Smith, Howarth and Smith, Los Angeles, CA, Donald J. Winder, Winder & Haslam, John Davis Lee, Richard D. Burbridge, Salt Lake City, UT, Jack D. Cordray, Cordray Law Firm, Charleston, SC, Harry Huge, Huge Law Firm, Charleston, SC, Anne McGinness Kearse, Jodi Westbrook Flowers, Donald A. Migliori, Elizabeth Smith, Jeffrey Scott Thompson, Robert Turner Haefele, Ronald L. Motley, Michael Edward Elsner, Motley Rice LLC, Mount Pleasant, SC, Edward H. Rubenstone, Bensalem, PA, H. Patrick Donohue, Armstrong, Donohue, Ceppos & Vaughn, Chartered, Rockville, MD, Joseph A. Cullen, Jr., Doylestown, PA, Patrick A. Malone, Robert F. Muse, Stein, Mitchell & Mezines, L.L.P., Paul G. Gaston, Law Offices of Paul G. Gaston, Christopher Thomas Leonardo, Kenneth L. Adams, Dickstein Shapiro LLP, Washington, DC, John A. Corr, Stephen A. Corr, Mellon, Webster & Shelly, Doylestown, PA, George R. Blakey, Notre Dame, IN, Joshua M. Ambush, Baltimore, MD, for Plaintiffs.
Gerald A. Feffer, Peter Jonathan Kahn, Williams & Connolly LLP, James Ernest Gauch, Melissa Danielle Stear, Stephen Joseph Brogan, Jones Day, Michael D. McNeely, Nancy Luque, Steven A. Maddox, DLA Piper Rudnick Gray Cary US LLP, Timothy Brian Mills, James Maggs, Maggs & McDermott LLC, Amy Berman Jackson, Trout Cacheris, PLLC, Christopher Robert Smith, Martin Francis McMahon, Martin F. McMahon and Associates, Mitchell Rand Berger, Ronald Stanley Liebman, Patton Boggs LLP, Brian Howard Polovoy, Henry Sabath Weisburg, Shearman & Sterling LLP, Alan Robert Kabat, Lynne Bernabei, The Bernabei Law Firm, PLLC, Max Huffman, Roy T. Englert, Jr., Lawrence Saul Robbins, Robbins, Russell, Englert, Orseck & Untereiner, L.L.P., Matthew H. Kirtland, Felice Beth Galant, Fulbright & Jaworski, L.L.P., Thomas Viles, Thomas C. Viles, Esq., Christopher Talbot Lutz, Roger E. Warin, Steptoe and Johnson LLP, John C. Milian, Gibson, Dunn & Crutcher, L.L.P., Michael J. McManus, Brian Coleman, Drinker, Biddle & Reath, L.L.P., David Geneson, Sheppard Mullin, William Horace Jeffress, Jr., Christopher R. Cooper, Jamie Steven Kilberg, Sara Elizabeth Kropf, Baker Botts LLP, Mara Beth Zusman, Mark Joseph MacDougall, Nicole Hagenbach Sprinzen, Akin, Gump, Strauss, Hauer & Feld, LLP, Louis Cohen, Tracey Cote Allen, Wilmer, Cutler Pickering Hale Dorr, Washington, DC, Christopher J. Beal, Jay D. Hanson, Steven Karl Barentzen, DLA Piper Rudnick Gray Cary US LLP, San Diego, CA, John Joseph Walsh, Carter Ledyard & Milburn LLP, Marc Dennis Powers, Baker & Hostetler LLP, David Usher Gourevitch, Law Office of David Gourevitch, P.C., Jean Engelmayer Kalicki, Arnold & Porter, LLP, Raymond R. Castello, Fish & Richardson, P.C., T. Barry Kingham, Curtis, Mallet-Prevost, Colt and Mosle LLP, James Joseph McGuire, Sheppard, Mullin, Richter & Hampton, LLP, Khurrum Basir Wahid, Wahid Vizcaino & Maher, LLP, Joshua Lewis Dratel, Law Offices Of Joshua L. *446 Dratel, P.C., Rayner Max Hamilton, White & Case LLP, Frank Christian Welzer, Zukerman Gore & Brandeis, LLP, Amy Rothstein, Doar, Rieck, Kaley & Mack, Martin Jeffrey Schwartz, Monica Pa, Sonnenschein Nath & Rosenthal LLP, New York, NY, Thomas M. Melsheimer, John M. Helms, Jr., Matthew E. Yarbrough, Fish & Richardson P.C., Dallas, TX, John F. Lauro, John F. Lauro, P.A., Tampa, FL, Maher Hana Hanania, Sr., Hanania & Kheder, P.C., Falls Chuch, VA, Ashraf Wajih Nubani, Busch & Nubani, P.C., Annandale, VA, Wilmer Parker, III, Gillen Parker and Withers LLC, Atlanta, GA, David Z. Nevin, Scott McKay, Nevin, Benjamin & McKay LLP, Boise, ID, Ayad P. Jacob, John N. Scholnick, Donald Allen Klein, Schiff Hardin LLP, Chicago, IL, David M. Ryan, Nixon Peabody LLP, Boston, MA, James Edward D'Auguste, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, CA, Christopher Curran, Nicole Erb, Matthew Leddicotte, White & Case, LLP, Sheldon Krantz, David Nachman, DLA Piper Rudnick, Washington, DC, Richard T. Marooney, King & Spalding, LLP, New York City, Viet Dinh, Lisa Benedi, Bancroft Associates PLLC, Michael K. Kellogg, Kellogg. Huber Hansen Todd Evans & Figel, PLLC, Washington, DC, Omar T. Mohammedi, Law Firm of Omar T. Mohammedi, New York City, for Defendants.

MEMORANDUM & ORDER.
CASEY, District Judge.
On November 20, 2006, the Court issued a Memorandum and Order ("Order") granting defendant Saudi American Bank's motion to dismiss all claims against it in Federal Insurance v. Al Qaida, 03 Civ. 6978, and denying the Federal Insurance plaintiffs' ("Plaintiffs") motion for leave to amend the First Amended Complaint ("Amended Complaint"). Plaintiffs now move for reconsideration of the portion of the. Order denying their request for leave to amend.[1] For the reasons that follow, Plaintiffs' motion for reconsideration is DENIED.
I. STANDARD FOR RECONSIDERTION
A motion for reconsideration under Rule 59(e) or Local Rule 6.3 "must be narrowly construed and strictly applied to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." Range Road Music, Inc. v. Music Sales Corp., 90 F.Supp.2d 390, 391-92 (S.D.N.Y.2000). Reconsideration is appropriate in the limited circumstances where the court has overlooked relevant data or case law, which, had it been considered, might have reasonably altered the result. Shracler v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir.1995). A motion for reconsideration also may be granted to "correct a clear error or prevent manifest injustice." Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir.1983). But a party seeking reconsideration may not "advance new facts, issues or arguments not previously presented to the Court." Primavera *447 Familienstifung v. Askin, 137 F.Supp.2d 438, 442 (S.D.N.Y.2001).
II. DISCUSSION
The Order granted Saudi American Bank's motion to dismiss on grounds, in part, that Plaintiffs did not allege any facts "support[ing] an inference that Saudi American Bank provided funds to Osama Bin Ladin or to al Qaeda directly," nor any facts "to support an inference that Saudi American Bank knew or should have known that funds they purportedly provided for construction projects in Sudan would aid al Qaeda." In re Terrorist Attacks on September 11, 2001, 462 F.Supp.2d 561, 563 (S.D.N.Y.2006). The Court also denied Plaintiffs' request for leave to amend the Amended Complaint on the ground that doing so would be futile. The Court based this conclusion on its thorough review of "the voluminous materials submitted as exhibits to Plaintiffs' opposition brief," which primarily outlined the history of Osama bin Laden and al Qaeda but said nothing of substance about Saudi American Bank. Id. at 564-65.
In their motion for reconsideration, however, Plaintiffs argue that the Court erred when it denied leave to amend because "the assumption underlying that decision  that plaintiffs would merely restate the information contained in the exhibits to their [Saudi American Bank] opposition if permitted leave to amend  is incorrect." (Pl.'s Mem. Supp. Recons. at 2.) In support of this contention, Plaintiffs offer twenty-two "particularized" allegations which "might alter this Court's reasoning." (Id. at 3.) But much, if not all, of the information in these proposed allegations was available to the Court in the exhibits to Plaintiffs' opposition papers. (Compare Pl.'s Opp. Exs. 1-9 with Pl.'s Mem. Supp. Recons. at 3-6.) The Court considered these facts and determined that under no circumstances could they support adequate allegations against Saudi American Bank. Nonetheless, Plaintiffs now attempt to create "new" allegations from largely the same set of facts. They do so to no avail. As the Court stated in the Order, granting Plaintiffs leave to amend based on the factual allegations they have offered thus far would be futile.[2]See In re: Terrorist Attacks, at 564-54.
Indeed, leave to amend in this case would remain futile because Plaintiffs still do not offer facts supporting an inference that Saudi American Bank directly or knowingly provided funds to either Osama Bin Ladin or al Qaeda in aid of any purported quid pro quo with the Sudanese government. When describing the purported relationship between Saudi American Bank, Osama Bin Laden, and Sudan, for instance, Plaintiffs assert only that Saudi American Bank "entered into its financial partnerships with Osama Bin Laden relative to the aforementioned construction projects in the Sudan. . . ." (Pl.'s Mem. Supp. Recons. at 4.) Such an allegation is not, it seems, the mere product of an inelegant pen but rather the handiwork of calculated circumlocution. Indeed, Plaintiffs conspicuously forego any simple, straightforward statement that Saudi American Bank provided funds directly to Osama Bin Laden for the stated purpose of financing one or more of Bin Laden own construction projects in Sudan. The Court views this omission as a signal that Plaintiffs cannot offer such an averment in good faith.
Nor do Plaintiffs offer any proposed factual allegations to support an inference *448 that Saudi American Bank knew or should have known of the purported quid pro quo between Osama Bin Laden and the Sudanese government. Plaintiffs do offer facts in support of their contention that Osama bin Laden provided construction services to Sudan in exchange for "safe haven" in that country. (See id. at 3-4.) In addition, Plaintiffs offer facts indicating that Bin Laden was known to reside in Sudan in the early 1990s (id. at 4-6) as well as the conclusory allegation that Sudan's "safe haven and support would not have been possible without the financing and other support [Saudi American Bank] provided for [construction] projects" in that country (id. at 4). But Plaintiffs offer no facts, only speculation and conjecture, in support of their allegation that Saudi American Bank knew or had any reason to know such an arrangement existed between Bin Laden and Sudan at the time. As the product of speculation, Plaintiffs' proposed allegation is insufficient to sustain their claims against Saudi American Bank in this case. See In re: Terrorist Attacks on September 11, 2001, 464 F.Supp.2d 335, 339-40 (S.D.N.Y.2006). Accordingly, the Court can find no reason to reconsider its previous decision denying Plaintiffs' request for leave to amend the Amended Complaint.
III. CONCLUSION
For the foregoing reasons, Plaintiffs' motion for reconsideration is DENIED.
So ordered.
NOTES
[1] In the Notice of Motion for Reconsideration, Plaintiffs state that they "shall seek an Order reconsidering the Court's granting of Saudi American Bank's Motion to Dismiss and the Court's denial of plaintiffs' request for leave to amend the complaint." (Pl.'s Mot. Reconsid. at 1.) In their memorandum in support of that Motion, however, Plaintiffs state that they seek only reconsideration of the Court's decision denying leave to amend the Amended Complaint. (Pl.'s Mem. Supp. Reconsid. at 1.) Plaintiffs make no argument that the Court should reconsider its decision granting Defendant's motion to dismiss. The Court, seeing no reason to reconsider that portion of the decision, will not address it further in this opinion.
[2] In addition, the extent to which Plaintiffs' proposed allegations provide new information not previously available to the Court, that information is not properly considered on a motion for reconsideration. Askin, 137 F.Supp.2d at 442.