David L. LARSON et al., on behalf of themselves and all other persons (except defendants and those who aided and abetted the defendants in doing the wrongs complained of herein) who purchased for $1.00 per share any shares of Class A common stock of Tony's Investments, Inc., on or after September 26, 1966, Plaintiffs,

v.

TONY'S INVESTMENTS, INC., an Alabama Corporation; Security Merchants, Inc., an Alabama Corporation; Fidelity & Deposit Company of Maryland, a Maryland Corporation; Anthony Bucci; George L. Carr; Anthony J. Buttacavoli; Don E. Hofmann; John M. Berchey; Fletcher Fleming; Paul R. Flowers; James A. Lane; and Rex H. Moore, Defendants.

Civ. A. No. 2719-N.

United States District Court
M. D. Alabama, N. D.
March 12, 1969.

James L. Shores, Jr. and Gary P. Smith, of Johnston & Shores, Birmingham, Ala., for plaintiffs.

Sam Pointer, Jr., of Brown, Pointer & Pointer, Birmingham, Ala., for James P. Vallas, originally a defendant, realigned as member of class represented by plaintiffs.

Jack Crenshaw and B. M. Waller, of Crenshaw & Waller, Montgomery, Ala., for defendants Rex H. Moore, Security Merchants, Inc., Fidelity & Deposit Co., of Maryland, and Paul R. Flowers.

Hardwick, Hause & Segrest, Dothan, Ala., for defendant Paul R. Flowers.

J. Vernon Patrick, Jr., and Howard P. Walthall, of Berkowitz, Lekovits, Vann & Patrick, Birmingham, Ala., for defendant James A. Lane.

Robert S. Vance, of Jenkins, Cole, Callaway & Vance, Birmingham, Ala., for defendants George L. Carr, Fletcher Fleming, and Don E. Hofmann.

Eugene C. Heiman, of Heiman & Crary, Miami, Fla., and Leader, Tenenbaum, Perrine & Swedlaw, Birmingham, Ala., for defendants Tony's Investments, Inc., Anthony J. Buttacavoli, Anthony Bucci, and John M. Berchey.

ORDER

FRANK M. JOHNSON, Jr., Chief Judge.

This cause is again submitted upon numerous motions.

I

■ Plaintiffs have filed two motions seeking leave to further amend their complaint. Under Rule 15 of the Federal Rules of Civil Procedure leave to amend is to be granted liberally unless the proposed amendment would be subject to motions under Rule 12. 3A Moore's Federal Practice para. 15.08(4).

In the motion filed January 30, 1969, plaintiffs withdraw the previous motion for leave to amend filed January 8, 1969, and seek to add ten paragraphs of amendments to the complaint. These ten paragraphs attempt essentially to accomplish three objectives.

■ First, they attempt to assert a Rule 10b–5 cause of action based on the facts which allegedly assert a violation of Sections 12(2) and 17 of the 1933 Act for omissions and misrepresentations in the prospectus and other offering material. Although there may be total overlap in these legal theories in the circumstances of this case, this Court can see no objection to this aspect of the proposed amendment.

■ Second, the proposed amendment attempts to add a derivative cause of action for the benefit of Tony's Investments based on the theory that the corporation was injured by certain defendants' selling shares at less than $1.00 per share when Tony's was attempting to raise capital by selling its stock at $1.00 per share. These allegations do not state a cause of action under Rule 10b–5 because whatever injury the corporation may have suffered does not grow out of any connection of the corporation with a purchase or sale of securities. See the order of this Court filed January 14, 1969, in Herpich v. Wilder, Civil No. 2747–N. And, assuming that the facts alleged state a derivative cause of action under Alabama law, this Court cannot and should not exercise pendent jurisdiction over it under the principles set forth in United Mine Workers of America v. Gibbs, 383 U.S. 715, 725–727, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). This aspect of the proposed amendment will not be allowed.

■ Third, the proposed amendment, in conjunction with the additional proposed amendment filed in this Court on February 28, 1969, seeks to assert claims under Section 12(1) both on behalf of the class of purchasers who purchased part of the issue by the corporation at $1.00 per share and on behalf of the class of purchasers who bought shares from

individual defendants at less than $1.00 per share. Viewing each of the classes as a distinct party, the two classes are not appropriate parties to join in a single action under the provisions of Rule 20 of the Federal Rules of Civil Procedure. Nothing in the complaint suggests that these two claims for relief arise out of the same series of transactions or occurrences.

The motion for leave to amend filed February 28, 1969, will be denied. Leave will be granted for the paragraphs numbered 1, 3, 4 and 7 of the proposed amendment filed January 30, 1969; the remaining paragraphs of the proposed amendment will not be allowed.

## II

Plaintiffs and defendant James A. Lane also filed on January 30, 1969, a joint petition seeking this Court's approval of a proposed pro tanto settlement. Several of the other defendants have objected to the proposed settlement. However, because the proposed settlement is expressly conditioned upon the allowance by this Court of leave to file the amendments to the complaint discussed above, it would be inappropriate for this Court to rule on the proposed settlement at this time.

## III

■ Plaintiffs have addressed to the individual defendants 12 separate motions to produce certain enumerated documents. A previous motion to produce was denied because in requiring "each of the defendants, separately and severally" to produce the material, the motion imposed an unnecessarily onerous burden on the defendants. The present motions have been reframed to overcome that deficiency and the other objections to the motions are without merit. If any of the individual or corporate defendants have the documents in their custody or control, they should be produced. One

who does not have or control, actually or constructively, a requested document should say so under oath. 4 Moore's Federal Practice, para. 34.07.

## IV

■■ Motions to dismiss have been filed by certain of the named defendants in a cross-claim and third-party complaint filed herein on January 16, 1969, by defendant James A. Lane. Lane seeks indemnity for any liability he may incur by reason of his sale of the stock of Tony's Investments on the theory that the named defendants expressly or impliedly represented to him that the documents furnished him for use in selling the stock were legal and proper. That theory presupposes that Lane had no independent knowledge or access to knowledge that the documents were in some way improper. If that is true, Lane will not be liable in the first instance; lack of scienter is a defense to alleged violations of Sections 12(2) and 17(a) (2) and Rule 10b–5. Lane does not state a cause of action.

## V

■ Defendant Security Merchants filed herein on February 10, 1969, a cross-claim against defendant James A. Lane on the theory that under respondeat-superior principles it would be liable for any illegal oral misrepresentations made by Lane in the course of selling securities for it. Because counsel for plaintiffs have filed an affidavit with this Court on February 20, 1969, stating that they do not presently rely on any oral misrepresentations, this cross-claim is due to be dismissed.

## VI

Defendant Rex Moore filed herein on February 13, 1969, a motion for an order requiring James L. Caldwell to tender to the Clerk of this Court Certificate Number 355–A, representing 500 shares

of stock in Tony's Investments. Defendant Moore has deposited $115 with the Clerk to return the consideration paid plus interest. Plaintiff Caldwell has tendered Certificate Number 355–A to the Clerk. Nevertheless, inasmuch as shares purchased for less than $1.00 per share from the "insider" defendants are not part of this action, see section I above, the Clerk will be directed to return the certificate and the checks.

### VII

■ On February 22, 1969, defendant Security Merchants filed a third-party complaint against one Eduardo Johnson and moved to make him a party to this action. Security Merchants will not be liable on respondeat-superior principles for oral misrepresentations. See section V above. Any claim for conversion of funds belonging to Security Merchants is factually and legally independent from plaintiffs' claim against Security Merchants and is thus not an appropriate subject for third-party practice under Rule 14, Federal Rules of Civil Procedure. The motion is due to be denied.

### VIII

The plaintiffs having indicated that they do not rely on any oral misstatements, defendant Security Merchants' motion for more definite statement filed herein on February 22, 1969, is due to be denied.

### IX

Defendant James A. Lane filed herein on February 25, 1969, a motion to dismiss the cross-claim filed against him by Tony's Investments, Inc., Anthony Bucci, Anthony Buttacavoli and Joseph M. Berchey. The plaintiffs having indicated that they do not rely on any oral misstatements, the cross-claim is due to be dismissed for failure to state a cause of action.

### X

The plaintiffs' motions to produce having been granted, their motion for a protective order filed herein on February 28, 1969, is due to be denied.

### XI

By a letter to all counsel of record dated February 3, 1969, this Court proposed certain procedures for providing the best notice practicable to the shareholders pursuant to Rule 23(c) (2), Federal Rules of Civil Procedure. Developments require a slight modification of that plan. Plaintiffs' counsel did draft a proposed notice to shareholders. It is no longer completely appropriate because of the actions taken above. To expedite matters, the Court has prepared a proposed notice which is attached to this order.

In an affidavit filed herein on March 3, 1969, defendant Anthony Bucci, President of Tony's Investments, states that, in effect, Tony's Investments has no cash and expects none in the near future. The plan for preparing the notice to shareholders will be modified slightly to reflect that fact and the Court will adopt the following procedure:

(1) Defendant Tony's Investments, Inc., will be required to reproduce said notices and mail one to each of its stockholders at their last known address by registered mail, return receipt requested, within 30 days from the date of this order;

(2) Counsel for defendant Tony's Investments, Inc., will be required to certify to this Court that said notices have been duly mailed;

(3) Plaintiffs will be required to advance the actual costs of reproduction and mailing to Tony's Investments;

(4) The expenses incurred in reproducing and mailing said notices will ultimately be included in the court costs of this proceeding; and

(5) The defendant Tony's Investments, Inc., will be required to file with the Clerk of this Court, within 20 days from the date of this order, a bond in the amount of $2,500 as security for court costs in this proceeding; the plaintiffs will be required to file with the Clerk of this Court, within 20 days from the date of this order, an additional security for cost bond in the amount of $1,500.

Accordingly, it is ordered that:

(1) The motion for leave to further amend the amended complaint filed herein on January 30, 1969, be and the same is hereby granted as it relates to paragraphs numbered 1, 3, 4 and 7 of the proposed amendment and denied as it relates to the remaining paragraphs. It is further ordered that the motion for leave to amend filed herein on February 28, 1969, be and the same is hereby denied.

(2) Plaintiffs' motions to produce filed in this Court on February 3, 1969, be and the same are hereby granted as to all items enumerated in said motions. The defendants are ordered and directed to produce said items within 15 days from the date of this order at a time and place to be agreed upon by the parties. If the parties cannot agree, an appropriate motion may be filed with this Court.

(3) The motions to dismiss filed herein by Rex H. Moore, Paul R. Flowers and Security Merchants on February 4, 1969, by Tony's Investments, Inc., Anthony Bucci, Anthony J. Buttacavoli and Joseph M. Berchey on February 7, 1969, and by F. B. McGill on February 4, 1969, directed at the cross-claim and third-party complaint of James A. Lane filed herein on January 16, 1969, be and the same are hereby granted.

(4) James A. Lane's motion to dismiss filed herein on February 13, 1969, directed at the cross-claim filed herein by Security Merchants on February 10, 1969, be and the same is hereby granted.

(5) Rex H. Moore's motion for an order requiring James L. Caldwell to tender to the Clerk of this Court Certificate Number 355–A filed herein on February 13, 1969, be and the same is hereby denied. The Clerk of this Court is ordered and directed to return the checks deposited by counsel for defendant Moore and Certificate Number 355–A tendered by James L. Caldwell.

(6) Security Merchants' motion for leave to make Eduardo Johnson a third-party defendant in this action, filed herein on February 22, 1969, be and the same is hereby denied.

(7) Defendant Security Merchants' motion for a more definite statement, filed herein on February 22, 1969, be and the same is hereby denied.

(8) James A. Lane's motion to dismiss the cross-claims of Tony's Investments, Inc., Anthony Bucci, Anthony Buttacavoli and Joseph M. Berchey, filed herein on February 25, 1969, be and the same is hereby granted.

(9) Plaintiffs' motion for a protective order, filed herein on February 28, 1969, be and the same is hereby denied.

It is further ordered that:

(1) Tony's Investments, Inc., reproduce the notice attached to this order and within 30 days from the date of this order mail one to each of its stockholders at his last known address, by registered mail, return receipt requested;

(2) Counsel of record for Tony's Investments, Inc., certify to this Court within 35 days that said notices have been duly mailed;

(3) Plaintiffs' advance to counsel of record for Tony's Investments, Inc., the actual cost of reproducing and mailing said notices;

(4) The expenses incurred in reproducing and mailing said notices will be taxed as part of the court costs in this proceeding;

(5) The defendant Tony's Investments, Inc., file with the Clerk of this Court within 20 days from the date of this order a bond in the amount of $2,500

**618**

as security for court costs in this proceeding; the plaintiffs file with the Clerk of this Court within 20 days from the date of this order an additional security for cost bond in the amount of $1,500.

IMPORTANT NOTICE TO PURCHASERS OF STOCK
ISSUED OR SOLD BY TONY'S INVESTMENTS, INC.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

DAVID L. LARSON, ET AL., on behalf of themselves and all other persons (except defendants and those who aided and abetted the defendants in doing the wrongs complained of herein) who purchased for $1.00 per share any shares of Class A common stock of Tony's Investments, Inc., on or after September 26, 1966,

Plaintiffs,

vs.

CIVIL ACTION NO. 2719–N

TONY'S INVESTMENTS, INC., an Alabama Corporation; SECURITY MERCHANTS, INC., an Alabama Corporation; FIDELITY & DEPOSIT COMPANY OF MARYLAND, a Maryland Corporation; ANTHONY BUCCI; GEORGE L. CARR; ANTHONY J. BUTTACAVOLI; DON E. HOFMANN; JOHN M. BERCHEY; FLETCHER FLEMING; PAUL R. FLOWERS; JAMES A. LANE; AND REX H. MOORE,

Defendants.

TO: ALL PERSONS WHO AFTER SEPTEMBER 26, 1966, PURCHASED CLASS A COMMON STOCK OF TONY'S INVESTMENTS, INC.

1. You are hereby notified that certain persons have filed a legal action in this Court asserting claims for damages on behalf of themselves and all of the above-described purchasers as a class, against all of the above-named defendants, seeking to recover all amounts paid by all such purchasers for the purchase of any of the above-described common stock, with interest thereon, plus attorneys' fees and punitive damages, including any losses you may have sustained if you have sold said securities.

2. The complaint filed in this Court asserts as the basis for the claims made

that the above-described securities were offered and sold to the public in violation of the laws of the United States and the State of Alabama, to wit: Sections 12 (1), 12(2) and 17 of the Securities Act of 1933; Section 10b of the Securities Exchange Act of 1934; and Title 53, Sections 28–53, Code of Alabama (Recomp. 1958), in that, briefly stated:

(1) Said shares were not registered with the Securities Exchange Commission although required to be registered.

(2) Said shares of stock were sold by use of instruments of communication in interstate commerce and of the mails by means of a prospectus, and by oral communications, which omitted to state a number of material facts necessary to make the statements made not misleading. Counsel for plaintiffs, however, has represented to this Court that he is not aware of, and does not intend to rely upon, any oral communications.

(3) Said shares were sold without furnishing each purchaser a copy of the prospectus although such was required.

Liability of the above-described defendants to each of you is asserted on the ground that each of said defendants at times relevant was a member of the Board of Directors and a controlling person of Tony's Investments, Inc.

3. Each of the defendants has denied liability, and this notice should not be construed to be a finding that the allegations of the complaint are true, there having been no determination of liability by the Court.

4. This Court has issued an order finding and determining that this action was properly instituted and shall in the future be maintained as a class action for the benefit of all purchasers as above-described.

5. Any recovery in this action will be for the benefit of you and all other persons who purchased for $1.00 per share any shares of Class A common stock of Tony's Investments, Inc. on or after September 26, 1966, and any judgment entered in this action will be binding on you and all such persons, provided, however, that if you wish to institute a separate action or do not wish to participate in this action, you may file a written notice, requesting exclusion from this action, with the Clerk of the United States District Court for the Middle District of Alabama, Montgomery, Alabama, prior to the 12th day of May, 1969, in which event you will be excluded and will not participate in any recovery in this action. Those who properly exclude themselves from this action will not be bound by any judgment entered herein.

6. If you take no action, your interests will be represented by plaintiffs and their counsel, and you will share *pro rata* in any recovery which may result.

7. You are entitled, however, to employ counsel of your own choice and to enter an appearance in this action if you so desire.

8. The entire court file in this action is available for inspection at the office of the Clerk of the United States District Court, Montgomery, Alabama.

9. Any inquiry concerning this matter by you or your counsel should be addressed to Messrs. Johnson & Shores, 1142 Brown-Marx Building, Birmingham, Alabama 35203, Counsel for Plaintiffs, rather than to the Clerk or to this Court.

March 12, 1969

R. C. Dobson

Clerk of the United States
District Court