**ADVANCE LABOR SERVICE, INC., an Illinois corporation,**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, a Connecticut corporation.**

**No. 71 C 557.**

United States District Court, N. D. Illinois, E. D.

Sept. 17, 1973.

See also, D.C., 353 F.Supp. 666.

Hollobow, Warren, Taslitz & Grombacher, Chicago, Ill., for plaintiff.

Hackbert, Rooks, Pitts, Fullagar & Poust, Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant's motion to compel discovery.

This is an action based on diversity of citizenship seeking to redress the defendant's alleged breach of an insurance agreement in violation of Illinois law by failing to issue a "standard policy" as required by statute, and alternatively, defendant's alleged willful misrepresentation and deceptive trade practices.

The plaintiff is Advance Labor Services, Inc. ("Advance"), an Illinois corporation engaged in the business of providing temporary employees to various employers throughout Illinois. The defendant is Hartford Accident and Indemnity Company, ("Hartford") a Connecticut corporation having its principal place of business in a state other than the State of Illinois. The amount in controversy exceeds $10,000 exclusive of interest and costs.

On July 18, 1973 the defendant filed its notice for inspection of books and records requesting the plaintiff to make available for inspection by a specified accounting firm the books and records of Allied Bus Service. On July 25, 1973 the plaintiff filed its response to defendant's notice and objected to the production of any and all records requested by the defendant on the grounds that the requested books and records of Allied Bus Service are not relevant and material to the issues in the instant action. Further, plaintiff contends that Allied Bus Service is not a party to this action and allegedly not controlled or under the direction of the plaintiff. The attorneys for the defendant have contacted the attorneys for the plaintiff in an effort to resolve the instant dispute as required by Rule 13 of the Rules of the United States District Court for the Northern District of Illinois. The efforts of the parties to resolve this dispute have not been successful.

It is well settled that the Federal Rules of Civil Procedure provide the broadest possible discovery. Federal courts have consistently chosen to maintain that liberal interpretation of the rules. Spier v. Home Insurance Co., 404 F.2d 896 (7th Cir. 1968); Peterson v. United States, 52 F.R.D. 317 (S.D.Ill. 1971); General Telephone and Elec. Lab. Inc. v. National Video Corp., 297 F.Supp. 981 (N.D.Ill.1968). The plaintiff has failed to demonstrate that production of the requested documents would be annoying, burdensome or completely irrelevant to the thrust of the instant litigation. The defendant adequately contends, in support of its request for the inspection of relevant documents that: (1) these same objections were raised and overruled by the Court with respect to interrogatories submitted by the defendant concerning the operation of Allied Bus Service; (2) while Allied Bus Service may technically be a

separate corporation, its directors and shareholders are identical to those of the plaintiff and one of the primary functions of Allied Bus Service is to provide transportation for workers employed by the plaintiff; and (3) since plaintiff is basing its claim for damages in large part on lost corporate earnings, the defendant is entitled to examine the books of Allied Bus Service to be certain that income properly attributable to the plaintiff has not been transferred to Allied Bus Service.

It is the opinion of this Court that the plaintiffs should be required to produce the documents requested by the defendant for inspection by the specified certified public accounting firm.

Accordingly, it is hereby ordered that defendant's motion to compel the inspection of the requested documents is granted.