U. S. Dept. of Justice, Antitrust Div., for plaintiff United States.

Cravath, Swaine & Moore, New York City, for defendant Intern. Business Machines Corp.

**UNITED STATES of America, Plaintiff,**

v.

**INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.**

**No. 69 Civ. 200 (DNE).**

United States District Court, S. D. New York.

Oct. 4, 1979.

MEMORANDUM AND ORDER

EDELSTEIN, Chief Judge:

On September 17, 1979 plaintiff United States of America served a trial subpoena on Erich Bloch commanding Bloch, who is an employee of defendant International Business Machines Corporation and scheduled to testify on its behalf, to produce specified IBM documents. Bloch and IBM have moved to quash the subpoena.

Bloch and IBM argue *inter alia* that to the extent the subpoena requires a search beyond Bloch's "own files" it must be quashed. Because Bloch is neither an officer nor a director of IBM, he is said to have possession and control only over documents maintained in his own files.

A rule 45 subpoena, as well as a rule 34 document request, may reach only those

documents within the possession, custody *or control* of the subpoenaed person. *See* 5A Moore's Federal Practice, ¶ 45.05[2] at 45–32 n.6a (1979). The question here is one of "control," not "possession."[1] That documents demanded by the government may reside in files other than Bloch's is beside the point if Bloch has control over such files. *See, e. g., In Re Folding Carton Antitrust Litigation*, 76 F.R.D. 420, 423 (N.D.Ill. 1977) (rule 34 document request) ("The test is whether the party has a legal right to control . . . ."); *Bifferato v. States Marine Corp.*, 11 F.R.D. 44, 46 (S.D.N.Y. 1951) (rule 34 document request) ("The true test is control and not possession"); *Bough v. Lee*, 29 F.Supp. 498, 501 (S.D.N.Y.1939) (subpoena) ("Control, not mere possession, is the determining factor").

Bloch is Vice President of IBM's Data Systems Division and General Manager of IBM's East Fishkill, New York manufacturing plant. It is unreasonable to believe that in the exercise of his duties Bloch has no control over files other than his own. Indeed, he has submitted no affidavit setting forth facts and circumstances which establish that the documents requested are not in his control.[2] *See Larson v. Tony's Investments, Inc.*, 46 F.R.D. 612, 615 (M.D. Ala.1969); 4A Moore's Federal Practice, ¶ 34.17 (1978).

1. Bloch and IBM argue that the "legal right to control" test is limited to cases of "evasion of discovery by a subterfuge." Memorandum of IBM and Bloch at 4 n.**. The limitation urged by Bloch and IBM is without support. To be sure, the control test is necessarily employed where possession of documents is relinquished to avoid discovery, *see, e. g., United States v. IBM*, 71 F.R.D. 88 (S.D.N.Y.1976), yet it is not limited to such situations alone.

2. Bloch's and IBM's contention that the "Court's decision" regarding the subpoena served by IBM on plaintiff's witness Frederic G. Withington "control[s] here" is misguided. Memorandum of IBM and Bloch at 2. As IBM should be aware, at no time during the dispute over Withington's motion to quash IBM's subpoena did the court address the question presented here: the extent to which an employee of a corporation exercises control over files other than his own. First, prior to IBM's cross-examination of Withington the court stated to IBM counsel:

The court has considered the remaining arguments advanced by Bloch and IBM and finds them to be without merit. Plaintiff's subpoena is reasonably particularized and the documents sought bear a logical nexus to Bloch's expected direct testimony. The burden of production to be imposed[3] is not unreasonable and oppressive. Motion denied.

SO ORDERED.

As a first step in considering this matter [IBM's subpoena], I would like you . . . to prepare for me a list of all the documents that have been received and a summary of their contents. Then I should inform you that it is absolutely impossible for me to broaden the scope of [IBM's discovery of Withington] without knowing what you have already received.

Tr. 56,129–30. The list and summary requested by the court was never provided. Second, at the conclusion of Withington's cross-examination the court issued a tentative ruling based on its "recollection of the record and the evidence and the use of the documents that [it had] seen thus far" that no further discovery from Withington was necessary. Tr. 58,188.

3. Bloch and IBM complain that this burden is increased by the demand of the subpoena in numerous instances for the original and all copies of responsive documents. Plaintiff has modified that instruction to require only one legible copy of each responsive document. Plaintiff's Memorandum at 9.