**Del DIETRICH, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**Richard BAUER; Groupe Scorpion, B.V.; Green–Cohn Group; Morton Cohn; Van D. Greenfield; CS First Boston; Smith, Benton & Hughes, Inc.; Michael Zaman; Claudia Zaman; Emmet A. Larkin & Company; Edward Fisch; Barry Witz; Mario V. Andrade; Westfield Financial Corporation; Idata, Inc.; Robert Bogutski; and Kathleen Bogutski, Defendants.**

**No. 95 CIV. 7051(RWS).**

United States District Court,
S.D. New York.

Jan. 17, 2001.

Lieff, Cabraser, Heimann & Bernstein,
New York City, by Rebecca M. Katz, Steven
E. Fineman, of counsel, Lieff, Cabraser,

Heimann & Bernstein, San Francisco, CA, by Richard Heimann, of counsel, Goodkind Labaton Rudoff & Sucharow, New York City, by James W. Johnson, of counsel, Starr & Holman, New York City, by Zachary Alan Starr, of counsel, for Plaintiff.

Eaton & Van Winkle, Attorney for Allied Irish Banks, New York City, by Alfred Ferrer, III, of counsel, for Non–Party.

## OPINION

SWEET, District Judge.

Non-party Allied Irish Banks, p.l.c. ("AIB"), seeks reconsideration and reargument of this Court's previous order dated August 9, 2000, pursuant to Federal Rule of Civil Procedure 60(b)(1) and (6), and Local Civil Rule 6.3., and to have that order vacated or, in the alternative, for permission to submit additional evidence. In the event its motion is denied, AIB seeks a stay of the order pending appeal, pursuant to Federal Rule of Appellate Procedure 8. Plaintiff Del Dietrich ("Dietrich") opposes the motion. For the reasons set forth below, the motion will be granted for the limited purpose of clarification, and will otherwise be denied.

### The Parties

The parties to this proceeding are set forth in this Court's previous decision regarding this matter, familiarity with which is presumed. *See Dietrich v. Bauer*, 95 Civ. 7051, 2000 WL 1171132 (S.D.N.Y. Aug. 16, 2000).

### Prior Proceedings And Facts

The underlying facts and previous proceedings are set forth in this Court's previous decision, familiarity with which is presumed. *See Dietrich*, 2000 WL 1171132.

The instant motion was submitted on or about September 1, 2000, and was deemed fully submitted on October 18, 2000.

### Discussion

### A. The Standard Under Federal Rule of Civil Procedure 60(b) and Local Rule 6.3

▮ Local Rule 6.3 provides in pertinent part: "There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Thus, to be entitled to reargument and reconsideration, the movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion. *See Ameritrust Co. Nat'l Ass'n v. Dew*, 151 F.R.D. 237, 238 (S.D.N.Y.1993); *East Coast Novelty Co. v. City of New York*, 141 F.R.D. 245, 245 (S.D.N.Y.1992).

▮ Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court. In deciding a reconsideration and reargument motion, the Court must not allow a party to use the motion as a substitute for appealing from a final judgment. *See Morser v. AT & T Info. Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y. 1989); *Korwek v. Hunt*, 649 F.Supp. 1547, 1548 (S.D.N.Y.1986), *aff'd*, 827 F.2d 874 (2d Cir.1987). Therefore, a party may not "advance new facts, issues or arguments not previously presented to the Court." *Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md.*, 768 F.Supp. 115, 116 (S.D.N.Y.1991). The decision to grant or deny the motion is within the sound discretion of the district court. *See Schaffer v. Soros*, No. 92 Civ. 1233, 1994 WL 592891, at *1 (S.D.N.Y. Oct. 31, 1994).

▮ Upon receiving such a motion, a court may do ány of the following. First, the motion may be denied, thereby leaving the original decision unaltered. *See Lehmuller v. Incorporated Village of Sag Harbor*, 982 F.Supp. 132, 135 (E.D.N.Y.1997). Alternatively, "the Court can grant a motion to reargue for the limited purposes of considering the effect of an overlooked matter," and after doing so may affirm and/or clarify the original decision. *Lehmuller*, 982 F.Supp. at 135–36; *see In re First American Corp.*, No. M8–85, 1998 WL 148421, at *3 (S.D.N.Y. Mar. 27, 1998), *aff'd*, 154 F.3d 16 (2d Cir. 1998); *Violette v. Armonk Assocs., L.P.*, 823 F.Supp. 224, 226–27, 231 (S.D.N.Y.1993); *Brignoli v. Balch Hardy & Scheinman, Inc.*, 735 F.Supp. 100, 102–03 (S.D.N.Y.1990). Finally, having granted a motion to reconsider, the Court may vacate the original decision. *See Morin v. Trupin*, 823 F.Supp. 201, 203

(S.D.N.Y.1993); *Travelers Ins. Co. v. Buffalo Reins. Co.,* 739 F.Supp. 209, 211–13 (S.D.N.Y.1990).

Rule 60(b) provides in relevant part that "upon such terms as are just, the court may relieve a party ... from a final judgment, order, or proceeding for ... (1) mistake, inadvertence, surprise, or excusable neglect." Fed.R.Civ.P. 60(b).[1]

■ Our Court of Appeals has instructed that Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances." *Nemaizer v. Baker,* 793 F.2d 58, 61 (2d Cir. 1986); *accord United States v. Bank of N.Y.,* 14 F.3d 756, 759 (2d Cir.1994). Like a motion under Rule 59(e), a Rule 60(b) motion is not a substitute for an appeal. *See Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 & n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); *Hood v. Hood,* 59 F.3d 40, 42 (6th Cir.1995). "Mere dissatisfaction in hindsight with choices deliberately made ... is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Nemaizer,* 793 F.2d at 62.

## B. *The Order Will Not Be Vacated*

AIB raises four arguments in support of its motion. First, AIB contends that it did not have notice of the "control" theory upon which the Court premised its previous order and, therefore, was a victim of unfair surprise within the meaning of Rule 60(b)(1). Second, AIB contends that this Court applied the wrong legal standard, and overlooked controlling legal authority, in concluding that AIB has "control" over the documents sought by Dietrich. Third, AIB contends that this Court overlooked controlling facts or assumed erroneous ones. Finally, AIB contends that this Court wrongly absolved Dietrich of his burden to demonstrate the ineffectiveness of letters rogatory in obtaining the documents sought.

1. AIB also relies on Rule 60(b)(6), which provides relief "for any other reason justifying [that] relief." However, the Second Circuit has held that "Rule 60(b)(1) and 60(b)(6) are mutually exclusive, so that any conduct which generally falls under the former cannot stand as a ground

### 1. *Relief Is Not Warranted Under Rule 60(b)(1)*

■ In the underlying proceedings, Dietrich sought an order pursuant to Federal Rule of Civil Procedure 45 compelling AIB to produce documents held by AIB Group (UK). This Court concluded that AIB has "control" over those documents within the meaning of Rule 45 and is therefore required to produce them. *See* Fed.R.Civ.P. 45(c)(1) (non-party must produce materials in its "possession, custody, or control").

AIB contends that the "control" theory that was the basis for the Court's order was not advanced by Dietrich and, therefore, AIB did not have an opportunity to respond to that theory. However, in those proceedings Dietrich argued that AIB had the authority to direct AIB Group (UK) to produce the documents, and put forth facts regarding AIB's ownership of AIB Group (UK). Thus, Dietrich did advance a "control" theory. AIB, for its part, argued *inter alia* that the documents sought were in the possession of AIB (UK) and insisted that AIB is not required to produce the documents because AIB Group (UK) is a separate legal entity. The only "surprise" in the Court's opinion was, conceivably, that the Court analyzed control specifically within the context of a parent-subsidiary relationship, and found control to exist on that basis. This is not the type of "surprise" that justifies relief under Rule 60(b)(1).

### 2. *Reconsideration Will Be Granted For The Limited Purpose Of Clarification*

■ AIB contends that this Court erred in defining control as the "legal right, authority, or practical ability to obtain the materials sought upon demand," *Dietrich,* 2000 WL 117132, at *3, and urges that the proper standard is whether it has the "legal right" to obtain the documents on demand. Thus, according to AIB, the proper test is legal,

for relief under the latter." *United States v. Cirami,* 535 F.2d 736, 740 (2d Cir.1976) (*quoting United States v. Erdoss,* 440 F.2d 1221, 1223 (2d Cir.)). Since AIB seeks relief on the basis of surprise, which is a ground for relief under Rule 60(b)(1), Rule 60(b)(6) is inapplicable.

not practical, control.[2] AIB further contends that this Court misapplied the Ninth Circuit's decision in *United States v. International Union of Petroleum & Indus. Workers,* 870 F.2d 1450 (9th Cir.1989), and overlooked a more recent Ninth Circuit decision, *In re Citric Acid Litigation,* 191 F.3d 1090 (9th Cir.1999), which decision further explains the holding in *Petroleum & Indus. Workers.*

In *Citric Acid,* the Ninth Circuit rejected the plaintiffs' argument that "control" may be defined as the "practical ability to obtain the requested documents," and emphasized that "[c]ontrol is defined as the legal right to obtain documents upon demand." 191 F.3d at 1107 (*quoting Petroleum & Indus. Workers,* 870 F.2d at 1452) (internal quotation marks). In reaching this conclusion, the court relied directly upon its previous decision in *Petroleum & Industrial Workers. See id.* The court found that the requisite legal right was not established as between two corporations who were members of an international association of accounting firms. *See id.*

Unlike this case, *Citric Acid* did not arise in the context of a parent-subsidiary relationship. *See* 191 F.3d at 1106. Thus, *Citric Acid* is distinguishable on its facts, and does not require the conclusion that control is not present in this case.[3] Moreover, although AIB is correct that the *Petroleum & Indus. Workers* court stated the test in terms of "legal right," that court also stated unequivocally that "[a] corporation must produce documents possessed by a subsidiary that the parent corporation owns or wholly controls." 870 F.2d at 1452.[4] This Court cited *Petroleum & Indus. Workers,* precisely, for this proposition, and did not misapply it. *See Dietrich,* 2000 WL 1171132, at *3.

It is not always clear whether the decisions arising in the parent-subsidiary context are premised on a strict "legal right" standard or, as the language of some would indicate, on a somewhat more flexible "pragmatic approach." *DeSmeth v. Samsung America, Inc.,* No. 92 Civ. 3710, 1998 WL 74297, at *10 (S.D.N.Y. Feb. 20, 1998) (ordering discovery of materials held by litigant, a subsidiary, of documents held by parent corporation); *see, e.g., Hubbard v. Rubbermaid, Inc.,* 78 F.R.D. 631, 637 (concluding without extensive discussion that parent corporation had control over documents held by wholly-owned subsidiary); *see also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2210 (2d ed.1994) (observing that in Rule 34 cases concerning related corporations, "under some circumstances courts interpret the control concept to go beyond whether the litigant has a legal right to obtain materials and focus on the practical ability to obtain them," though commenting that "[c]aution must be exercised" in such cases).

What is well-established, however, is that a number of courts have found the requisite control by a parent corporation over documents held by its subsidiary. *See id.* at *3 (citing cases). It is noted that this line of case law was recognized and cited approvingly by the Third Circuit in *Gerling Int'l Ins. Co. v. Commissioner,* in which the court also employed the terminology of "legal right" in discussing the meaning of "control." *See* 839 F.2d 131, 140–41 (3d Cir.1988).

Dietrich offered sufficient evidence for this Court to find that AIB Group (UK) is a wholly-owned subsidiary of AIB, AIB oversees the divisions of its bank division, which includes AIB Group (UK), AIB establishes company-wide policies and exercises operational and financial control over the bank

---

**2.** AIB also contends that the test is "actual," not "theoretical" control. However, this formulation appears to be another way of making the legal-practical distinction, since AIB's argument is that it does not have actual control unless it has the legal right to obtain the documents on demand, and any apparently practical ability to obtain them is merely theoretical.

**3.** *Citric Acid* is, of course, not controlling authority for this Court. However, because this Court

identified no Second Circuit case exactly on point, it has looked to case law from other jurisdictions for their persuasive value.

**4.** This statement was dictum because, as in *Citric Acid,* the parties in *Petroleum & Indus. Workers*— an international union and its locals—were not so related, nor were other grounds identified for concluding that control existed. *See* 870 F.2d at 1452–53.

division, and there is an overlap between the managing executives of AIB and the bank division. Although AIB refers the Court to the previously-submitted declaration by Tiana Peck ("Peck"), the head of legal services for AIB Group (UK), there is nothing in Peck's declaration that the Court overlooked and which warrants a different finding. These facts are sufficient, and the case law arising in the parent-subsidiary context supports the conclusion that AIB has control over the sought-after documents under either a "legal right" theory or a more pragmatic approach focusing on practical ability to obtain documents. Therefore, whether or not the Court previously overstated the applicable standard, the order compelling discovery stands. The previous order is hereby clarified to this extent.

### 3. AIB's Arguments Regarding The Hague Convention Are Repetitive

This Court has already considered and rejected AIB's argument that Dietrich was required to seek discovery through the Hague Convention or provide justification for its failure to do so. Therefore, reconsideration is not warranted on this basis.

### 4. A Stay Is Not Warranted

AIB does not offer grounds for its request for a stay under Rule 8(a)(1), other than to represent that it will seek to expedite such an appeal. It has been over eight months since AIB was served with Dietrich's subpoena, and six months since the initial order granting Dietrich's motion to compel.[5] A stay is not warranted.

### 5. AIB May Submit A Proposed Order Regarding Confidentiality

AIB contends that this Court's order fails to protect it from significant expense, as required by Federal Rule of Civil Procedure 45(c)(2)(B), or to protect the confidentiality of the documents sought by Dietrich. Although these arguments were not raised previously, and may therefore be rejected on that basis, this Court will consider a proposal regarding

5. Obviously, the Court does not fault the litigants for any delay resulting from the Court's own

confidentiality. However, AIB is not excused on this ground from taking such steps as are necessary to comply with the production order, and is directed to do so immediately. Specifically, the parties are directed to attempt to reach an agreement within five (5) days of the date of this decision regarding a confidentiality order. If no agreement is reached, AIB and Dietrich may submit competing orders by the end of this five-day period, enabling resolution of this issue prior to the deadline for AIB's compliance with the discovery order, as set forth below.

### Conclusion

Therefore, for the reasons set forth above, the motion for reconsideration is granted only for purposes of clarifying this Court's previous opinion, and is otherwise denied. AIB is hereby ordered to produce the documents sought within ten (10) days of the date of this opinion. Any proposed orders regarding confidentiality must be submitted as directed above.

It is so ordered.