## In re ATM FEE ANTITRUST LITIGATION.

### No. C04–2676 VRW(JL).

United States District Court,
N.D. California.

Dec. 5, 2005.

Daniel O. Myers, Richardson, Patrick, Westbrook and Brickman, LLC, Mt. Pleasant, SC, Joseph R. Saveri, Jahan C. Sagafi, Leiff Cabraser Heimann & Bernstein LLP, Joshua P. Davis, University of San Francisco School of Law, San Francisco, CA, Andrew W. Hutton, Channel P. Townsley, Deborah Brown McIlhenny, Hutton & Hutton, LLC, Mark G. Ayesh, Ayesh Law Offices, Wichita, KS, Anthony J. Bolognese, Bolognese & Associates, LLC, Bart D. Cohen, Merrill G. Davidoff, Berger & Montague, P.C., Joel Cary Meredith, Daniel B. Allanoff, Meredith Cohen Greenfogel & Skirnick PC, Joseph C. Kohn, William E. Hoese, Kohn Swift & Graf, P.C., Philadelphia, PA, Daniel E. Gustafson, Karla M. Gluek, Gustafson Gluek PLLC, Minneapolis, MN, George A. Shohet, Attorney at Law, Venice, CA, Gretchen M. Nelson, Law Offices of Gretchen M. Nelson, Los Angeles, CA, Kim Keevers, Michael J. Brickman, Richardson Patrick Westbrook & Brickman, Charleston, SC, Marc S. Moller, Kreindler & Kreindler LLP, New Yorkity, Jayne A. Goldstein, Mager & Goldstein LLP, Coral Springs, FL, for Plaintiffs.

Brian Wallach, Peter Edward Moll, Buckmaster Dewolf, Howrey Simon Arnold & White, LLP, Carrie M. Anderson, James Christopher Egan, Jr., Peter D. Isakoff, Steven A. Newborn, Weil, Gotshal & Manges LLP, Donald Baker, Baker and Miller, Washington, DC, Benjamin K. Riley, Howrey LLP, Tara M. Steeley, Sonya D. Winner, Covington & Burling, Kathryn Ann Vaclavik, Diane E. Pritchard, Jesse William Markham, Jr., Morrison & Foerster LLP, Kirsten Joy Handelman, Michele D. Floyd, Reed Smith LLP, J. Thomas Rosch, Joshua N. Holian, Mark Jeremy Seifert, Latham & Watkins, San Francisco, CA, Benjamin Jonathan Fox, Kathryn Ann Vaclavik, Morrison & Foerster LLP, Los Angeles, CA, Sarkis Ohannes Beudjekian, Weil Gotshal & Manges LLP, Redwood Shores, CA, Jack R. Nelson, Reed Smith LLP, Oakland, CA, for Defendants.

## DISCOVERY ORDER

LARSON, United States Chief Magistrate Judge.

### Introduction

The district court (Chief Judge Vaughn R. Walker) referred this case pursuant to 28 U.S.C. § 636(b) and Civil Local Rule 72 for resolution of a discovery dispute between Plaintiffs and Defendant Bank of America Corporation ("BAC"). This Court issued an order for further briefing and the parties complied. The matter was submitted without oral argument as provided by Civil Local Rule 7–6.

Plaintiffs' motion for partial summary judgment and class certification is on for hearing December 8, 2005 before Chief Judge Walker.

### Plaintiffs propounded discovery

Plaintiffs propounded requests for production of documents and a request for admissions to all named defendants, including BAC. Plaintiffs also propounded a second set of document requests focusing primarily on class certification issues. Plaintiffs also served interrogatories and proposed 30(b)(6) depositions substantially limited to document and electronic data storage and management issues.

### Defense counsel objected and the parties met and conferred

The parties exchanged letters and e-mails. Defense counsel requested an extension of time to respond to Plaintiffs' discovery requests, which Plaintiffs granted. The parties debated whether Plaintiffs should subpoena non-party Bank of America, N.A. ("BANA") as provided by FRCP Rule 45 or amend their complaint to add BANA as a party (Plaintiffs' Request for Judicial Notice at Ex. A, September 15, 2005 letter from Tara Steeley to Bart Cohen). BAC would not guarantee a response from BANA unless Plaintiffs added BANA as a party. (Steeley Declaration in support of BAC's November 16, 2005 letter brief at Exs. C & D)

BAC also objected to providing discovery from any of its other subsidiaries on the grounds that this would "impose substantial and completely unnecessary burdens on BAC." (Defendant's November 16, 2005 letter brief at page 4)

The Court finds that the parties satisfied the requirements of Civil Local Rule 37 to

meet and confer to attempt to resolve their dispute.

## Legal Analysis and Conclusion

### BAC's subsidiaries are wholly-owned and possess discoverable information

BAC argues that it has no duty to respond on behalf of its wholly-owned subsidiaries, including BANA, although Defendants concede BANA possesses responsive documents and other information called for in Plaintiffs' discovery requests. There is no dispute that BAC wholly owns BANA and that BANA possesses discoverable documents. (Plaintiffs' Request for Judicial Notice at Ex. B, Bank of America 2004 Annual report, describing BANA as "a wholly owned subsidiary of the Corporation" (BAC)) *See also Id.* at Ex. D, 10–K form to Securities and Exchange Commission: BAC "owns" BANA; November 18, 2005 letter brief of Paul A. Moore III at Ex. A—BAC003520 (organizational chart).

BAC believes that "BANA is the entity that would be expected to have information potentially relevant to this litigation." (Steeley declaration in support of BAC's November 16, 2005 letter brief at Ex. E). In its initial disclosures BAC provided "the following list of names and contact information of current employees of Bank of America Corporation and affiliated entities who are likely to have non-privileged information relevant to disputed facts pleaded with particularity in the pleadings ..." The list included five employees of BANA, two in Charlotte, North Carolina, two in St. Louis, Missouri and one in Jonesborough, Tennessee. BAC also listed seven categories of relevant documents, all located at BANA's offices in Charlotte, North Carolina. (Ex. A to Steeley Declaration in Support of BAC letter brief of November 16, 2005)

With respect to its other subsidiary banks, BAC concedes that "certain of its affiliates may have possession, custody or control of potentially relevant documents." *Id.*

### BAC has legal control of its subsidiaries and of documents in their possession

Rule 26, Federal Rules of Civil Procedure, permits a party to discover relevant non-privileged information from another party. Rule 34 provides that in response to a request for production of documents a party produce any relevant documents in its possession custody *or* control. (Emphasis added)

BAC concedes that its wholly-owned subsidiary BANA and "certain of its other affiliates" have possession and custody of responsive documents. However BAC claims it has no control over those documents and that to obtain them Plaintiffs must either subpoena them from BANA as provided by FRCP Rule 45 or add BANA as a party and propound its requests to BANA directly. Defendants characterize BAC as a "holding company" and BANA as "a separate legal entity." (September 22 letter from Tara Steeley to Chief Judge Walker).

Plaintiffs rely on a Ninth Circuit decision that "[a] corporation must produce documents possessed by a subsidiary that the parent corporation owns or controls." *United States v. International Union of Petroleum and Industrial Workers, AFL–CIO,* 870 F.2d 1450, 1452 (9th Cir.1989). The Ninth Circuit stated this in dictum but in dictum that is cited by numerous courts throughout the United States for the same proposition, that for purposes of compliance with Rule 34, a parent company has control of documents in the custody and possession of its wholly owned subsidiary.[1]

*See also In re Citric Acid Litigation,* 191 F.3d 1090 (9th Cir.1999) (court affirmed the "legal control" test as the standard for a parent's obligation to produce documents in the possession and custody of its subsidiary)("Even if *International Union* does not conclusively settle the question, we conclude-consistently with all of our sister circuits who have addressed the issue—that the legal control test is the proper standard under Rule

---

1. "This statement was dictum because, as in *Citric Acid,* the parties in *Petroleum & Indus. Workers*—an international union and its locals—were not so related, nor were other grounds identified for concluding that control existed. See 870 F.2d at 1452–53." *Dietrich v. Bauer* 198 F.R.D. 397, 401, fn. 4 (S.D.N.Y.2001).

45). *See Cochran Consulting, Inc. v. Uwatec USA, Inc.*, 102 F.3d 1224, 1229–30 (Fed.Cir. 1996); *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1426 (7th Cir. 1993); *Gerling Int'l Ins. Co. v. Commissioner*, 839 F.2d 131, 140–41 (3d Cir.1988); *Searock v. Stripling*, 736 F.2d 650, 653 (11th Cir.1984)." *Id.* at 1107–1108. Courts apply the legal control test to requests for documents under both Rule 34 and Rule 45. "A rule 45 subpoena, as well as a rule 34 document request, may reach only those documents within the possession, custody or control of the subpoenaed person. See 5A Moore's Federal Practice, P 45.05(2) at 45–32 n. 6a (1979)." *U.S. v. International Business Machines Corp.* 477 F.Supp. 698, 698–99 (D.C.N.Y.1979)

The Ninth Circuit in both *International Petroleum* and in the *Citric Acid* case reiterated the law as reflected in other rulings throughout the U.S. See, e.g. *Hubbard v. Rubbermaid, Inc.*, 78 F.R.D. 631 (D.Md.1978) (stating that the nonparty status of wholly owned subsidiaries does not shield their documents from production, since the crucial factor is that the documents must be in the custody, or under the control of, a party to the case); *In re Investigation of World Arrangements, Etc.*, 13 F.R.D. 280 (D.D.C.1952) (holding that corporation has control over subsidiary and must produce subpoenaed documents); *see also Advance Labor Service, Inc. v. Hartford Acc. & Indem. Co.*, 60 F.R.D. 632 (N.D.Ill.1973) (corporation required to produce books and records of sister corporation with same directors and shareholders), *cited in International Union of Petroleum and Indus. Workers*, 870 F.2d at 1452.

BAC acknowledges the principle of legal control by a parent corporation of its subsidiaries but rejects its application to itself as a bank holding company. To the contrary, by federal statute, a bank holding company necessarily controls its subsidiary banks.

■ "Except as provided below, 'bank holding company' means any company which has *control* over any bank or over any company that is or becomes a bank holding company by virtue of the Bank Holding Company Act." 12 U.S.C.A. § 1841(a)(1) (Emphasis added)

Therefore, if BANA or any other wholly-owned subsidiary bank of BAC has possession and custody of documents responsive to Plaintiffs' requests, then BAC has legal control of the documents through its control of the subsidiary bank and must produce any which are responsive to Plaintiffs' Rule 34 requests.

■ Similarly, federal law requires that a parent respond to an interrogatory under FRCP Rule 33 with information from a subsidiary if it has access to that information and if the information is relevant and not privileged. "Rule 33 requires that a corporation furnish such information as is available from the corporation itself or from sources under its control." *Brunswick Corp. v. Suzuki Motor Co., Ltd.*, 96 F.R.D. 684, 686 (D.C.Wis., 1983)(internal citations omitted).

■ Finally, this Court finds that BAC fails to support its claim of burden, making only a blanket objection without specifics 'sufficient to justify denying discovery. The objecting party has the burden to substantiate its objections. *Peat, Marwick, Mitchell & Co. v. West*, 748 F.2d 540 (10th Cir.1984), cert. dismissed, 469 U.S. 1199, 105 S.Ct. 983, 83 L.Ed.2d 984 (1985). The litany of overly burdensome, oppressive, and irrelevant does not alone constitute a successful objection to a discovery request. *Employers Commercial Union Insurance Company of America, et al. v. Browning–Ferris Industries of Kansas City, Inc.*, 1993 WL 210012 (D.Kan.1993); *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292 (E.D.Pa.1980).

### Order

For all the above reasons, Plaintiffs' motion to compel Bank of America Corporation to respond to discovery requests is granted, with respect to Bank of America Corporation and its wholly owned subsidiaries including but not limited to Bank of America, N.A. Compliance is due within twenty days of the e-filing of this order.

**IT IS SO ORDERED.**